# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

No. 5:17-cv-04683-JFL

---

IN THE MATTER OF:

MARKEL STEVEN DUNN,

*Appellee*

v.

TOYOTA MOTOR CREDIT CORPORATION,

*Appellant*

---

Appeal from the Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania entered October 3, 2017, Bankruptcy Case No. 17-14098-REF

---

## BRIEF FOR APPELLANT TOYOTA MOTOR CREDIT CORPORATION

---

Thomas I. Puleo, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
Tel: (215) 825-6309
tpuleo@kmllawgroup.com

## CORPORATE DISCLOSURE STATEMENT

The nongovernmental corporate party, Toyota Motor Credit Corporation, has the following parent corporation and publicly held corporation that owns 10% of its stock:

Toyota Motor Credit Corporation is a wholly owned subsidiary of Toyota Financial Services International Corporation.  Toyota Financial Services International Corporation is a wholly owned subsidiary of Toyota Financial Services Corporation. Toyota Financial Services Corporation is a wholly owned subsidiary of Toyota Motor Corporation, which is a publicly held corporation.

# **TABLE OF CONTENTS**

**Page**

I.   CORPORATE DISCLOSURE STATEMENT ....................................................i

II.   TABLE OF AUTHORITIES ........................................................................ iii

III.   STATEMENT OF JURISDICTION...................................................................1

IV.   STATEMENT OF ISSUES PRESENTED...........................................................2

V.   STATMENT OF THE CASE ..............................................................................3

VI.   SUMMARY OF ARGUMENT .........................................................................7

VII.   ARGUMENT.....................................................................................................8

      A.   The Bankruptcy Abuse Prevention and Consumer Protection Act of
           2005 ("BAPCPA"), eliminated the "ride through" option for a debtor ....8

      B.   The Automatic Stay provided by Section 362(a) of the Bankruptcy
           Code was terminated pursuant to 11 U.S.C. § 362(h). ..........................15

      C.   Section 521(a)(6) does not extend the automatic stay until 45 days
           after the first meeting of creditors .........................................................19

           1.  The purpose of Section 521(a)(6) is to require performance by
               the debtor ...........................................................................................21

           2.  The automatic stay terminated under the plain language of
               Section 362(h) ...................................................................................24

           3.  Toyota Motor Credit Corporation has not filed a proof of claim
               thereby rendering Section 521(a)(6) inapplicable in this case ..........27

VIII.   CONCLUSION ...............................................................................................29

# TABLE OF AUTHORITIES

**Page**

Cases

*In re Alvarez,* 2012 WL 441257 (Bankr.N.D.Ill. 2012)............................... 20, 21, 22

*In re Anderson,* 348 B.R. 652 (Bankr.D.Del. 2006) ...................................... 11,14,16

*In re Banker,* 390 B.R. 524, 527 (Bankr.D.Del. 2008), *aff'd* 400 B.R. 136
(D.Del. 2009)............................................................................................................ 13

*In re Blixseth,* 684 F.3d 865, 67 (9th Cir. 2012) ...................................................... 25

*In re Craker,* 337 B.R. 549 (Bankr.M.D.N.C. 2006) ............................................... 11

*In re Donald,* 343 B.R. 524, 534 (Bankr.E.D.N.C. 2006) .............. 14, 16, 24, 26, 27

*In re Dumont,* 581 F.3d 1104 (9th Cir. 2009) .................................................... 11,17

*In re Jones,* 591 F.3d 308 (4th Cir. 2010) ......................................................... 11, 17

*In re McFall,* 356 B.R. 674 (Bankr.N.D.Ohio 2006).................................... 11, 17, 25

*In re McMullen,* 443 B.R. 67 (Bankr.E.D.N.C. 2010) ....................................... 25, 28

*In re Miles,* 524 B.R. 915 (Bankr.N.D.Ga. 2015) .............................................. 22, 26

*In re Miller,* 443 B.R. 54 (Bankr.D. Del. 2011)................................................. 11, 28

*In re Molnar*, 441 B.R. 108 (Bankr.N.D.Ill. 2010) ........................................... 21, 25

*In re Norton*, 347 B.R. 291 (Bankr.E.D.Tenn. 2006) .................................. 14, 22, 23

*In re Parker,* 363 B.R. 621 (Bankr.M.D.Fla. 2007).................................................. 21

*In re Price,* 370 F.3d 362 (3d Cir. 2004)...................................................... 9, 13, 16

*In re Ertha Rice,* 2007 WL 781893, 57 Collier Bankr.Cas.2d 1471
(Bankr.E.D.Pa. 2007) ........................................................ 11, 12, 13, 14, 16, 17, 27

*In re Rowe,* 342 B.R. 341 (Bankr.D.Kan. 2006) ..................................................... 11

*In re Steinhaus,* 349 B.R. 694 (Bankr.D.Idaho 2006) ............................................. 11

*In re Thompson*, 538 B.R. 410 (Bankr.E.D.Tenn. 2015) ............................ 17, 23, 24

*In re Trans World Airlines, Inc.,* 145 F.3d 124, 130-31 (3d Cir. 1998) ....................... 3

Statutes

Bankruptcy Technical Corrections Act of 2010, PL 111-327,
December 22, 2010, 124 Stat 3557 ..................................................................... 8, 11

11 U.S.C. § 101 *et seq.* .......................................................................................... 3

11 U.S.C. § 341 ...................................................................................................... 21

11 U.S.C. § 362(a) ......................................................................................... 2, 4, 15

11 U.S.C. § 362(h) ...................................................... 2, 6, 7,8, 9, 10, 11
.............................................. 12, 13, 15,16, 17, 18, 20, 22, 23, 24, 26

11 U.S.C. § 502 ...................................................................................................... 27

11 U.S.C. § 521(a)(2) .................................................................. 2, 5, 6, 7, 8, 9, 10,
........................................ 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27

11 U.S.C. § 521(a)(6) .................... 2, 7, 14, 15, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28

11 U.S.C. § 521(2)(A) ............................................................................................. 9

11 U.S.C. § 521(2)(C) ............................................................................................. 8

11 U.S.C. § 524 ................................................................................................. 2, 14

11 U.S.C. § 722 ................................................................................................. 2, 15

28 U.S.C. § 158(a)(1) .............................................................................................. 1

<u>Treatises</u>

4 Collier on Bankruptcy ¶ 502.01 (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 15th ed. Rev. 2006) ........................................................................ 27

## STATEMENT OF JURISDICTION

This District Court has jurisdiction over appeals from final judgments and orders of the Bankruptcy Court under 28 U.S.C. § 158(a)(1).  The final judgment and order of the Bankruptcy Court for the Eastern District of Pennsylvania in the underlying matter was issued on October 3, 2017, Case No. 17-14098-REF, granting Appellee's Motion for Sanctions, from which Appellant timely filed this appeal on October 16, 2017.

## STATEMENT OF ISSUES PRESENTED

A.  Whether the amendments to Tile 11, that is, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), eliminated the "ride through" option for a debtor who has failed to enter into a reaffirmation agreement pursuant to 11 U.S.C. § 524, or redeem the vehicle pursuant to 11 U.S.C. § 722, as required by 11 U.S.C. § 521(a)(2)?

B.  Whether the automatic stay provided by 11 U.S.C. § 362(a) had terminated under 11 U.S.C. § 362(h) where the Debtor had not complied with 11 U.S.C. § 521(a)(2)(A) by indicating that he intended to either redeem the property or reaffirm the debt secured  by the property, within thirty days of the filing of his petition under chapter 7 of the Bankruptcy Code?

C.  Whether the Bankruptcy Court erred in finding that the automatic stay provided by 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a), remained in effect for at least 30 after the first date set for the meeting of creditors pursuant to 11 U.S.C. § 521(a)(2)(B), or until 45 days after the first meeting of creditors pursuant to 11 U.S.C. § 521(a)(6), where the Debtor has failed to comply with 11 U.S.C. § 521(a)(2)?

Sitting as an appellate court in a bankruptcy case, this District Court is to "review the bankruptcy court's legal determinations *de novo,* its factual findings for

2

clear error and its exercise of discretion for abuse thereof." *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130-31 (3d Cir. 1998).

## STATEMENT OF THE CASE

This appeal arises out of the order of the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") entered on October 3, 2017, granting the Motion of Debtor, Markel Steven Dunn (the "Appellee"), for Sanctions for Violation of the Automatic Stay against Toyota Motor Credit Corporation, after it repossessed the Debtor's motor vehicle (a 2008 Land Rover). The relevant facts and procedural history are as follows.

On June 12, 2017, Debtor and Appellee herein, Markel Steven Dunn, (the "Debtor" or "Appellee"), filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. 11 U.S.C. § 101 *et seq.* In his Schedule A/B, and Amended Schedule A/B, the Debtor listed a motor vehicle, a 2008 Land Rover LR3 (the "Vehicle"), having a value of $7,584.00. (Bankruptcy Docket Nos. 1, 12). Debtor also listed Appellant, Toyota Motor Credit Corporation ("Toyota"), as a secured creditor in his Schedule D having a claim secured by the Vehicle in the amount of $11,838.00. (Bankruptcy Docket No. 1). In his Statement of Intention for Individuals Filing Under Chapter 7 filed with his Schedules, Debtor indicated that he would retain the Vehicle, and further stated that he "will continue to make payments".

Debtor did not indicate whether he intended to redeem or reaffirm the debt. Debtor also indicated that he did not claim the property as exempt on his Schedule C. (Bankruptcy Docket No. 1). A Meeting of Creditors was scheduled for August 2, 2017, and held on August 7, 2017, and following the meeting the appointed trustee, David Alan Eisenberg, Esquire, filed his Chapter 7 Trustee's Report of No Distribution.

On August 18, 2017, Toyota repossessed the Vehicle, and on August 21, 2017, sent Debtor a Notice of its plan to sell the property (Bankruptcy Docket No. 16). Toyota had not filed a motion for relief from the automatic stay under 11 U.S.C. § 362 prior to repossessing the Vehicle.

At the time of the bankruptcy filing, and also on the date the Debtor's Vehicle was repossessed, the loan was in default and due and owing from April 1, 2017. The Debtor had not made any post-petition loan payments. (Docket No. 41, Transcript of Hearing, pages 16-17). The Debtor had not executed a reaffirmation agreement with Toyota, nor had he filed a motion to redeem the repossessed Vehicle. Rather, Debtor testified only that he "had planned on making the arrearage current before the bankruptcy had been finalized and paying all the back payments that I had owed." (Docket No. 41, Transcript of Hearing, pages 16-17). Following repossession of the

4

Vehicle, Debtor purchased another vehicle. (Bankruptcy Docket No. 41, Transcript from Hearing, pages 8, 31-32).

On August 25, 2017, Debtor filed a Motion for Sanctions for Violation of Automatic Stay alleging that Toyota's action in repossessing the Vehicle violated the automatic stay asserting that the stay was still in effect because he had filed a Statement of Intention to retain the Vehicle.  An expedited hearing was held on August 30, 2017.   Following the hearing at which the Debtor testified, the Bankruptcy Court ordered the parties to file briefs.

On October 3, 2017, the Bankruptcy Court entered an Order granting the Debtor's Motion for Sanctions. (Bankruptcy Docket No. 30).  In its Order the Bankruptcy Court set forth its findings of fact and conclusions of law.  In its findings of fact, the Bankruptcy Court found that Debtor had complied in a timely fashion with Section 521(a)(2)(A) by filing his statement of intent to retain his Land Rover and make payments to Toyota, and that Debtor could have fulfilled his intention by attempting to reaffirm the debt, but that Toyota made it impossible for the Debtor to perform his intention by repossessing the vehicle on August 18, 2017, only 16 days after the first date set for the meeting of creditors. (*See* Order, par. 7).  In its conclusions of law, the Bankruptcy Court held that the Debtor had at least thirty (30) days after the date set for the meeting of creditors to reaffirm the debt under Section

521(a)(2)(B), and on the other hand, Debtor may have had forty-five (45) days after the first meeting of creditors to enter into a reaffirmation agreement with Toyota under Section 521(a)(6). (*See* Order, par. 8-10). The Bankruptcy Court, while recognizing that a debtor must declare in the statement of intention that the debtor will either retain or surrender the collateral, and if the debtor intends to retain the collateral, the debtor must declare in the statement of intention that the debtor will either redeem the collateral or reaffirm the debt owed to the creditor, found that the Debtor in this case had complied with this requirement by stating that "Debtors [sic] will continue to make payments".  The Bankruptcy Court then held that a debtor must formally redeem the collateral or reaffirm the debt with the creditor within 30 days of the filing of the petition or before the creditors' meeting, whichever occurs first, citing Section 521(a)(2)(B), or 45 days after the first creditors' meeting, citing Section 521(a)(6). (*See* Order, par. 12d).  Finally, the Bankruptcy Court  held that Toyota violated the automatic stay because Debtor had until September 1, 2017 (30 days after the first date set for the creditors' meeting) to redeem the vehicle, and that Section 362(h)(1) did not provide Toyota with relief from the automatic stay under Section 362(a).

The Bankruptcy Court entered an order discharging the Debtor on October 5, 2017.

## SUMMARY OF ARGUMENT

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA) eliminated the "ride through" option for debtors by amending former Section 521(2)(A) by its reference to Section 362(h), and with the addition of Section 362(h) providing for relief from the automatic stay where the debtor fails to file a statement of intention within thirty days of the filing of a petition under Chapter 7. Moreover, the amendments to Section 521(a)(6) clearly eliminates the "ride-through" option. As a result of the Debtor's failure to file a statement of intention as required by Section 521(a)(2) indicating that he will either surrender, redeem the property or reaffirm the debt, and take timely action specified in the statement, the automatic stay had terminated pursuant to Section 362(h).

The automatic stay does not remain in effect until 30 days after the date set for the first meeting of creditors under Section 521(a)(2)(B), which requires the debtor to perform with respect to the property, or until 45 days after the first meeting of creditors under Section 521(a)(6) which requires the debtor to either reaffirm the debtor or redeem the property. These sections are applicable only where a debtor has already complied in the first instance with Section 521(a)(2)(A) in filing a proper statement of intention. Debtor's failure to file a proper statement of intention indicating that he was going to either redeem the property or reaffirm the debt resulted in relief from the automatic stay pursuant to Section 362(h). Moreover,

7

since Toyota did not file a proof of claim in this case and does not have an "allowed claim for the purchase price", the provisions of Section 521(a)(6) are not applicable in this case.

## ARGUMENT

### A. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), eliminated the "ride through" option for a debtor.

With the 2005 amendments to the Bankruptcy Code under BAPCPA, former Section 521(2)(C) was amended to add the following highlighted provision to Section 521(a)(2)(C): "nothing in subparagraphs (A) or (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, *except as provided in section 362(h)."* 1/ (emphasis added). No longer could debtors in a Chapter 7 case simply provide in their Statement of Intention that they will retain the property and continue to make payments without entering into a reaffirmation agreement or redeeming the property, and allow the debt to "ride-through" the bankruptcy unaffected.

Prior to BAPCPA, debtors could exercise a "ride through" option which permitted debtors, who have failed to either enter into a reaffirmation agreement or

---

1/ Subparagraph "(C)" in the original version of Section 521(a)(2) was stricken, and immediately following was inserted "except that". Bankruptcy Technical Corrections Act of 2010, PL 111-327, December 22, 2010, 124 Stat 3557.

redeem the property, to retain property provided that the debtor remains current on the payment due under a secured debt.  In *In re Price,* 370 F.3d 362, 364 (3d Cir. 2004), the Third Circuit Court of Appeals held that Section "521(a)(A) ... does not prevent nondefaulting debtors ... from retaining secured property by keeping current on their loans."   According to *Price*, debtors need not either surrender, redeem or reaffirm any secured property, but enjoyed another option with regard to the disposition of secured collateral in their possession, that of continuing to make payments in accordance with their agreements, effectively allowing the debt to "ride through" their bankruptcy case unaffected.

With BAPCPA this "ride through" option has changed significantly, and can no longer be read as protecting a debtor's rights in this way.  Section 521(2)(C), upon which the Third Circuit based its reasoning in *Price,* no longer unqualifiedly guarantees the debtor all rights afforded elsewhere in the Code.  With its reference to and the addition of Section 362(h), the debtor's rights have now been significantly altered. The new Section 521(a)(2)(A) reads as follows:

(a) The debtor shall—

    ....

(2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate-

    (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such

period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property; and

(B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30–day period fixes, perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph;

except that nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, *except as provided in section 362(h);*

11 U.S.C. § 521(a)(2) (emphasis supplied).

Section 362(h), which was added to Title 11 by BAPCPA, provides:

(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)--

(A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, *if retaining such personal property, either redeem such personal property pursuant to section 722, enter into agreement of the kind specified in section 542(c) applicable to the debt secured by such personal property*, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and

(B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to reaffirmation on such terms.

11 U.S.C. § 362(h)(1) (emphasis added).

Numerous courts have held, when construing Sections 521(a)(2) and 362(h) together, that the "ride through" option has been eliminated with the addition of Section 362(h) in BAPCPA. *See In re Jones,* 591 F.3d 308, 311 (4th Cir. 2010); *In re Dumont,* 581 F.3d 1104, 1113-14 (9th Cir. 2009); *In re Ertha Rice,* 2007 WL 781893, at *2-3, 57 Collier Bankr.Cas.2d 1471 (Bankr.E.D.Pa. 2007); *In re Anderson,* 348 B.R. 652, 658 (Bankr.D.Del. 2006); *In re Miller,* 443 B.R. 54, 58 (Bankr.D. Del. 2011); *In re Rowe,* 342 B.R. 341, 345 (Bankr.D.Kan. 2006); *In re Steinhaus,* 349 B.R. 694, 701 (Bankr.D.Idaho 2006). [2/] The debtor can no longer simply indicate in the statement of intention that he is going to retain the property and continue making payments. The debtor is now explicitly required to indicate on the statement of intention an intent to either (1) redeem the property or (2) reaffirm the debt, in order to retain the property. If the debtor fails to so indicate, the automatic stay terminates with respect to the property, and the property will no longer be part of the estate. *In re Jones, id*; *In re Dumont, id.* at 1114; *In re Craker,* 337 B.R. 549, 551 (Bankr.M.D.N.C. 2006); *In re Ertha Rice, id.* at *3; *In re Anderson, id.; In re Miller,id.; In re McFall,* 356 B.R. 674, 676 (Bankr.N.D.Ohio 2006). The reference to the lifting of the automatic stay in § 362(h) makes it clear that a debtor must necessarily make one of the choices listed

---

[2/]   These cases refer to Section 521(a)(2)(C). As indicated in FN 1, subparagraph "(C)" was stricken and replaced with "except that" in the 2010 Amendments under the Bankruptcy Technical Corrections Act of 2010, *id.*

in Section 521(a)(2)(A), that is, surrender, redemption or reaffirmation, and then perform accordingly, or face stay relief to his or her creditor. *In re Ertha Rice, id.*

Arguably, even with the BAPCPA's amendments to Sections 521(a)(2)(A) and (B), a debtor conceivably could insert language in his statement of intention that he will "retain the property and continue to make payments", as the Debtor attempted in this case, without necessarily violating this section. However, such a stated intention fails to comply with Section 362(h)(1)(A)'s further limitation which gives Section 521(a)(2) teeth. Now, Section 362(h) requires that a failure to redeem or to reaffirm within the applicable time period terminates the automatic stay with respect to personal property of the estate or the debtor. This new Section 362(h) has thus changed the pre-BAPCPA analysis because the debtor must now indicate whether he will surrender, reaffirm, redeem, or assume an unexpired lease, *and then perform accordingly.* Consequently, the pre-BAPCPA "ride through" option available to debtors in the Third Circuit has been narrowed. *In re Miller, id.*

In *Miller,* the debtor was current in her loan payments but had not executed a reaffirmation agreement or filed a motion to redeem her motor vehicle. The matter came before the bankruptcy court on the motion of the lender for relief from stay which the court granted and held that "by failing to indicate one of the statutory options in her Statement of Intention and by not entering into a reaffirmation

agreement or redeeming the property, the debtor has failed to comply with the requirements of sections 521(a)(2)(C) and 362(h)." *Id.* at 59. In *Ertha Rice*, the issue came before the bankruptcy court on the debtor's motion to redeem and determine rights in her vehicle. The lender objected to the motion and the debtor argued that the secured creditor had no right to repossess her car because she was making regular post-petition payments relying on the Third Circuit decision in *In re Price.* Bankruptcy Judge Jean K. Fitzsimon held that the amendment made to the Bankruptcy Code by BAPCPA effectively overruled *In re Price, id.,* and eliminated the "ride through" as an option for a Chapter 7 debtor.

Even if the fourth or "ride through" option espoused in *Price* could somehow still be considered applicable, the Debtor in this case could not elect this option since he admittedly is not current in his installment payments to Toyota. *In re Price,* 370 F.3d at 364. *See also, In re Banker,* 390 B.R. 524, 527 (Bankr.D.Del. 2008), *aff'd* 400 B.R. 136 (D.Del. 2009) (where the bankruptcy court permitted a "ride through" for a debtor who substantially complied with sections 521(a)(2) and 362(h), was current in his monthly payments, and filed a statement of intention to retain the collateral and continue to make payments but then entered into a reaffirmation agreement which the court later refused to approve).

Unlike the BAPCPA amendments to Sections 521(a)(2) and 362(h), which

arguably may not by themselves have totally eliminated the "ride-through" option, the amendment to Section 521(a)(6) made by BAPCPA clearly does. *See In re Jones, id.* ("Section 521(a)(6), added by BAPCPA, also evidences that the ride-through option has been eliminated"); *In re Donald,* 343 B.R. 524, 534 (Bankr.E.D.N.C. 2006) ("Unlike the BAPCPA amendments to § 521(a)(2) and 362(h), which do not by themselves eliminate the 'ride-through' option, the amendment to § 521(a)(6) made by BAPCPA does."); *In re Steinhaus, id.* at 703 ("Section 521(a)(6) gives an individual chapter 7 debtor two options, and only two options, for retaining personal property in which a creditor holds a purchase money security interest: redemption or reaffirmation.  It does not allow a debtor to choose a 'retain-and-pay' or a 'ride-through.'"); *In re Norton,* 347 B.R. 291, 298-300 (Bankr.E.D.Tenn. 2006) ("[B]ased upon the statutory language of § 521(a)(6), BAPCPA extinguished the 'ride-through' option"). *See also, In re Ertha Rice, id.* at *5-6; *In re Anderson, id.*

Section 521(a)(6) provides that a debtor shall:

(6) in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either—

(A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or

(B) redeems such property from the security interest pursuant to section 722.

If the debtor fails to so act within the 45–day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected, such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law....

In essence, Section 521(a)(6) requires an individual debtor in a chapter 7 case who is retaining personal property either to redeem the property or to reaffirm the debt within 45 days "after the first meeting of creditors" with respect to property as to which a creditor "has an allowed claim for the purchase price." If the debtor fails to timely redeem the property or reaffirm the debt, the debtor shall "not retain possession" of the personal property, the automatic stay is terminated with respect to property of the estate or of the debtor, the property shall no longer be property of the estate, and the creditor may take whatever action is permitted by applicable nonbankruptcy law. Therefore, Section 521(a)(6) removes any doubt whether the "ride through" option has been eliminated by BAPCPA.

## B. The Automatic Stay provided by 11 U.S.C. § 362(a) was terminated pursuant to 11 U.S.C. § 362(h).

Regardless whether the "ride through" option is available to the Debtor under Section 521(a)(2), the automatic stay under Section 362(a) was terminated 30 days after the filing of the Debtor's petition under Chapter 7 of the Bankruptcy Code pursuant to the explicit language in Section 362(h). Section 362(h) takes away the

Debtor's ability to keep his property while simply making payments on the car loan by terminating the automatic stay upon  a debtor's failure to comply with the terms of Section 521(a)(2)(A). *In re Ertha Rice, id.* at *2;  *In re Miller, id* at 58.  Although the specific language on which the Third Circuit relied in *Price* has not been changed, Section 521(a)(2) has been amended to add the following highlighted provision to Section 521(a)(2):  "except that nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, *except as provided in section 362(h)."* 11 U.S.C. § 521(a)(2)(B).

Thus, Section 362(h) provides that the stay will be terminated and the collateral will no longer be property of the estate if the debtor fails to file a statement of intention to surrender, redeem, reaffirm or, in the case of leased property, assume the unexpired lease, and take any timely action specified in his intention.  Courts have held that the proviso at the end of Section 521(a)(2) referencing Section 362(h) trumps the "if applicable" language in Section 521(a)(2)(A). *See In re Anderson, id.* at 657 (the debtor had filed a statement of intention but never performed the stated intention, i.e., reaffirmed the debt, the Court held that, under the plain meaning of section 362(h), the stay was lifted 30 days after the first date set for the meeting of creditors; *In re Donald, id.* ("The consequences of not complying with § 362(h)(1)(A) are that the stay will terminate with respect to personal property of the estate or the debtor and that the personal property shall no longer be property of the

16

estate. Section 362(h) therefore expands the consequences of a debtor's failure to comply with § 521(a)(2)(A) and § 521(a)(2)(B)."); *In re Jones, id.* (Court held that Sections 521(a)(2)(A) and 362(h) significantly altered the pre-BAPCPA analysis by explicitly requiring a debtor to indicate on his statement of intention an intent to either redeem the property or reaffirm the debt, and if the debtor fails to so indicate, the stay terminates with respect to the property); *In re Dumont, id* at 111 (automatic stay terminated where the debtor failed to indicate one of the three permissible means of retaining the property). *See also, In re Ertha Rice, id.* at *3 (and the cases cited therein); *In re Thompson*, 538 B.R. 410, 411 (Bankr.E.D.Tenn. 2015) (stay terminated even though debtor filed a statement of intention to reaffirm but she failed to perform that intention within 30 days after the first date set for the meeting of creditors); *In re McFall, id.* (where the bankruptcy court denied debtor's motion for issuance of a rule to show cause for violation of the automatic stay after creditor repossessed motor vehicle more than 30 days after debtor stated his intention to retain collateral and continue to make regular payments due to debtor's failure to comply with the requirements of § 362(h)).

Factually similar to this case, in *McFall,* the debtor filed a voluntary petition under Chapter 7 on June 1, 2006, and listed his motor vehicle with a lien held by the secured creditor.  He indicated in his Statement of Intention that he would "retain collateral and continue to make regular payments", but did not indicate that he

intended to reaffirm the debt or redeem the vehicle. The secured creditor repossessed the vehicle more than 30 days later on July 13, 2006. Debtor moved to sanctions for violating the automatic stay. The secured creditor opposed the motion on the basis that the automatic stay had terminated with respect to the vehicle because the debtor's statement of intention was deficient in that debtor failed to specify whether he intended to redeem the vehicle or reaffirm the debt. The bankruptcy court agreed and held that under Section 362(h) the automatic stay terminated with respect to debtor's vehicle 30 days after the petition date, and because the secured creditor repossessed the vehicle more than 30 days after the petition date, the stay was not in effect and therefore the creditor did not violate the automatic stay.

In this case, Toyota repossessed the Debtor's Vehicle more than 30 days after he filed his petition, and because Debtor's Statement of Intention was deficient in failing to comply with Section 521(a)(2)(A), the automatic stay was no longer in effect, and hence Toyota committed no violation of the automatic stay.

The Bankruptcy Court in this case erred when it found that Debtor complied with Section 521(a)(2)(A) "when he (not clearly, but rather inartfully) stated 'Debtors [sic] will continue to make payments;' ". The Bankruptcy Court further noted in a footnote (FN 6) that "Debtor's statement that he would continue to make payments tells the world that he did not intend to surrender or redeem the Land

18

Rover, but that he would attempt to reaffirm the debt owed to Toyota." While it is certainly reasonable to assume by his statement that Debtor did not intend to surrender the property, a further inference that he intended to reaffirm the debt cannot reasonably be drawn from this statement. Regardless of the Bankruptcy Court's interpretation of Debtor's Statement of Intention, it is clear that Debtor did not mark either of the blocks in the Official Form 108, Statement of Intention for Individuals Filing Under Chapter 7, indicating that he intended to "Retain the property and redeem it" or "Retain the property and enter into a *Reaffirmation Agreement.*" By failing to indicate that he was either going to redeem the property or enter into a reaffirmation agreement, Debtor's Statement of Intention was deficient and not in compliance with Section 521(a)(2)(A).  Therefore, pursuant to Section 362(h), the automatic stay was terminated thirty days after the filing of Debtor's petition.

### C. Section 521(a)(6) does not extend the automatic stay until 45 days after the first meeting of creditors.

The Debtor in this case has argued that he has 45 days following the meeting of the creditors to redeem the property or reaffirm the debt under Section 521(a)(6), and that until that time period expires the automatic stay remains in effect, thereby prohibiting Toyota from taking any action to repossess Debtor's Vehicle.

In its Order, the Bankruptcy Court enlarged Debtor's argument to encompass the 30 day deadline set forth in Section 521(a)(2)(B), stating that "Debtor had until, at

least, September 1, 2017 (30 days after the date set for the creditors' meeting), to reaffirm the debt secured by the Land Rover", and in referring to Section 521(a)(6), that, "On the other hand, Debtor may have had until September 21, 2017 (45 days after the first creditors' meeting), to enter into a reaffirmation agreement with Toyota." In either event, the Bankruptcy Court failed to distinguish between the different actions required by the Debtor and the purpose for each of the subsections 521(a)(2)(A) and (B), or the differences between Sections 521(a)(2) and 521(a)(6), apart from the deadlines, and the Debtor's rights in the property after termination of the stay under Section 362(h). Instead, the Bankruptcy Court in essence held that because the Debtor had a right to redeem his Vehicle at least until 30 days after the meeting of creditors under Section 521(a)(2)(B), or until 45 days after the meeting of creditors under 521(a)(6), the automatic stay also continued in effect until such time.

While there some overlap between Sections 521(a)(2) and 521(a)(6), there are also significant differences. Sections 521(a)(2) and 362(h) cross reference each other, but neither mentions Section 521(a)(6). The statutory framework as a whole requires a debtor to do two things: (1) file a statement of intention, and (2) perform that intent. Both Sections 521(a)(2) and 521(a)(6) make reference to performance, but the filing requirement of a statement of intention is mentioned only in Section 521(a)(2)(A). *In re Alvarez,* 2012 WL 441257, *4 (Bankr.N.D.Ill. 2012).

### 1. Purpose of Sections 521(a)(2) and 521(a)(6)/Performance

Section 521(a)(2)(A) is fairly straight forward in describing what a debtor must do within thirty days of the filing of a chapter 7 petition; that is, the debtor shall *file* with the clerk a statement of his intention. Section 521(a)(2)(B) is also similarly specific and provides that within 30 days after the first date set for the meeting of creditors, the debtor must *perform* his intention with respect to such property. The consequences of debtor's failure to comply with the requirements in Section 521(a)(2)(A) and (B) results in termination of the automatic stay under Section 362(h). *See In re Parker,* 363 B.R. 621 (Bankr.M.D.Fla. 2007) ("[I]f a debtor fails to timely perform his duties under Section 521, the stay is terminated."). The debtor also bears the burden to establish that he timely has performed his duties under Section 521. *id.* The differences of the timeframes in subsection (A) and (B) for required action are straightforward. The differences between Section 521(a)(2)(B) and 521(a)(6), both requiring performance by the debtor, are not so easily reconciled. However, the purpose of Section 521(a)(6) is not to extend the automatic stay or override the termination of stay provision in Sections 521(a)(2) and 362(h). *In re Molnar*, 441 B.R. at 112.

The purpose of both Section 521(a)(2) and 521(a)(6) requires a debtor to surrender, reaffirm or redeem collateral, but Section 521(a)(2)(B) also requires the debtor to perform his intention with respect to the property within 30 days after the

first date set for the meeting of creditors under Section 341, while Section

521(a)(6) requires performance within 45 days after the first meeting of creditors,

to either *enter* into an agreement or *redeem* the property, or give up possession. *See*

*In re Molnar,* 441 B.R. at 111.  Both sections require *performance* on behalf of the

Debtor, but the intent of the two sections is different.

   In *In re Alvarez, id.* at *5, the bankruptcy court discussed the interplay

between the two time periods in the Sections 521(a)(2) and 521(a)(6) and

concluded that Section 521(a)(6) was primarily intended to simply create an

affirmative duty for a debtor to surrender the collateral covered by the provision

after the 45 day period is over unless he has taken steps to reaffirm the debt or

redeem the collateral by that point, and also to emphasize that there is no "ride-

through" option with respect to the collateral. Section 521(a)(6) limits a debtor's

right to *possess* the collateral if certain actions are not taken within the prescribed

forty-five day time period, while Section 521(a)(2) provides a thirty day period, at

the end of which the stay may be terminated by operation of law pursuant to

Section 362(h). *In re Miles,* 524 B.R. 915, 918 (Bankr.N.D.Ga. 2015).  It follows

that unless and until the Debtor actually specifies his intention by filing the

required Statement of Intention as required by Section 521(a)(2)(A), to either

redeem or reaffirm, he cannot possibly undertake any performance. Therefore, the

provisions in Sections 521(a)(2)(B) and 521(a)(6) do not come into play where

Debtor fails to first comply with Section 521(a)(2)(A). *In re Norton, id.* at 300.

The termination of stay under Section 362(h) is not altered or changed because of the 45 day deadline in Section 521(a)(6). Section 521(a)(6) contains its own provision granting relief from stay: " If a debtor fails to so act within the 45-day period referred to in paragraph 6 [referring to reaffirmation or redemption], the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected, such property shall no longer be property of the estate...". The termination of the stay provision contained in Section 521(a)(6) would come into play only where the automatic stay was still in effect, which would mean that the Debtor has complied with Section 521(a)(2), and the stay had not previously terminated under Section 362(h). As succinctly stated by the bankruptcy court in *In re Norton, id.* at 300 n. 10, "Invariably, an individual debtor's failure to perform his or her statement of intention within thirty days of the 'first date set for the meeting of creditors' will, as to personal property, trigger the stay termination provisions of § 362(h)(1), thereby trumping the forty-five day stay termination provisions of § 521(a)(6)."

The termination of the stay under Section 362(h) does not extinguish the Debtor's right to redeem the property. *In re Thompson, id.* at 416. While the right to redeem survives the deadlines imposed in Section 521(a)(2)(B), the stay is not

similarly extended under Section 521(a)(6). *In re Thompson, id.* at 415. (The debtor's retains the substantive right to redeem property notwithstanding the failure to comply with Section 521(a)(2)(B)). In this case, the trustee had already filed his Report of No Distribution and abandoned the subject property on August 7, 2017, well before the expiration of the 45 day period provided in Section 521(a)(6). As a result, the only rights in the property belonged to the Debtor who could redeem the Vehicle even after the stay had been terminated.

### 2. Plain Language of Section 362(h)

To the extent the provisions of Section 521(a)(6) appears to conflict with the termination of stay provision in Section 362(h), the language in the later section is unambiguous; the automatic stay terminates after 30 days after the filing of the Chapter 7 petition where the Debtor fails to provide in his Statement of Intention that he is either redeeming the property or reaffirming the debt as required by Section 521(a)(2)(A). In this case, the Debtor failed to file his Statement of Intention as required by Section 521(a)(2)(A) indicating that he was going to either redeem the property or reaffirm the debt. Therefore, under the plain language of Section 362(h), the stay was terminated. *See In re Anderson, id.* at 658 (stay terminated thirty days after the date set for the first meeting of creditors where the debtor did not perform their stated intention to reaffirm the debt); *In Re Donald, id.* at 534 ("The consequences of not complying with § 362(h)(1)(A) are that the stay will terminate

with respect to personal property of the estate or the debtor and that the personal property shall no longer be property of the estate."); *In re McFall, id.* at 676-77 ("Every published bankruptcy court decision has similarly interpreted the plain language of § 362(h)(1)(A) to require a debtor to state an intention to redeem or reaffirm."); *In re Blixseth,* 684 F.3d 865, 67 (9th Cir. 2012) (if a debtor fails to timely file and comply with the statement of intention, the plain language of § 362(h) requires that all personal property of the estate secured by scheduled debts, not just scheduled property, is released from the automatic stay.); *In re McMullen,* 443 B.R. 67 (Bankr.E.D.N.C. 2010) (held that by the plain terms, the bankruptcy statute required debtor both to file timely statement of intent and to act of that statement in order for stay to continue to protect collateral, finding that § 521(a)(6) does not apply but that §§ 521(a)(2)(C) do.); *In re Molnar, id.* at 112 (articulating reasons why § 521(a)(2), in conjunction with § 362(h), applied rather than § 521(a)(6)).

The requirement that the debtor either enter into an agreement with the creditor pursuant to Section 524(c) or redeem the property pursuant to Section 722 within 45 days after the first meeting of creditors is distinct from the requirements in Section 521(a)(2) and Section 362(h) requiring a debtor to both file a statement of intention and perform the intention within 30 days of filing the petition and the first date set for the meeting of creditors, respectively. Although different, the deadlines are not necessarily inconsistent. Section 521(a)(6) has a much more

limited application than Section 521(a)(2), and if Section 521(a)(6) is applicable, and if there is a conflict between the two time limits, the 45–day time limit of Section 521(a)(6) should control. *In re Donald,* 343 B.R. at 535 FN. 5. However, in this case, Section 521(a)(6) is not applicable since the Debtor had already failed to file an adequate Statement of Intention resulting in the automatic stay having already been terminated pursuant to Section 362(h). Moreover, Section 521(a)(2) applies to all security interest in personal property in the individual Chapter case whether in personal property of the estate or in property of the debtor securing in whole or in part the secured creditor's claim, while Section 521(a)(6) is limited to a creditor with a purchase money security interest in personal property and allowed claim (which requires the filing of a proof of claim, which rarely happens in a no-asset Chapter 7 case). *See In re Miles, id.* at 919 (subsection 521(a)(6) is limited to purchase money claims secured by personal property, while subsection (a)(2)'s shorter time period applies to all claims 'which are secured by property of the estate.'").

The Debtor who has missed the deadline in Section 362(h) for filing his Statement of Intention required by Section 521(a)(2) cannot resurrect the automatic stay due to the longer deadline in Section 521(a)(6). The automatic stay is terminated by the plain language of Section 362(h). The Debtor's failure to file a Statement of Intention within thirty days after the filing of his Chapter 7 petition

indicating his intention to either redeem the property or reaffirm the debt resulted in termination of the automatic stay in this case.

### 3. Requirement of an "Allowed Claim"

Courts have held that for the redemption/reaffirmation requirements in Section 521(a)(6) to come into play, the creditor must have an "allowed claim". The term "allowed claim", although not defined in the Bankruptcy Code, is generally recognized, frequently used, and well understood. *In re Donald, id.* at 535; *In re Ertha Rice, id.* at *6, FN 6. Allowability of claims has been described as "exclusively a bankruptcy concept" and the "Bankruptcy Code is keyed to allowable claims". 4 Collier on Bankruptcy ¶ 502.01 (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 15th ed. Rev. 2006). Under Section 502 of the Bankruptcy Code, a claim becomes allowed in one of three ways: (1) a proof of claim is filed and no party objects; (2) a claim is allowed by the court after an objection is filed; (3) and, a claim is estimated by the court under the provisions of section 502(c). Section 521(a)(6) applies only when a creditor has an allowed claim for the purchase price of personal property.  It does not apply if a creditor has not filed a proof of claim or if the amount of its claim is not in the amount of the purchase price. *In re Donald,* 343 B.R. at 535-536.

In *Donald,* the bankruptcy court noted that for a claim to be "allowed", a

proof of claim must be filed, which is "a reasonable prerequisite to receiving the relief afforded by § 521(a)(6)."*Id.* Since the secured creditor in *Donald* did not file a proof of claim, the court concluded that the creditor did not have an "allowed claim". Further, "even if a creditor does file a proof of claim and the claim is deemed allowed, the claim must be 'for the purchase price' of the personal property at issue," which the court construed to mean the "full" purchase price. *Id.* at 536. *See also, In re McMullen, id.* at 73 (court held that the debtor's indebtedness was for an amount less than the purchase, and hence § 521(a)(6) was inapplicable); *In re Miller, id.* at 57 ("Application of section 521(a)(6) is predicated upon a creditor possessing an 'allowed claim for the purchase price secured in whole or in part by an interest' in the collateral. ... Accordingly, section 521(a)(6) is unavailable to creditors ... that have not filed a proof of claim")..

In this case, Toyota has not filed a proof of claim, thus rendering Section 521(a)(6) inapplicable. Moreover, there was no testimony adduced at the hearing whether the debt was for the purchase price of the Vehicle, or some other financing, nor was there any evidence presented by Debtor that the claim was for the purchase of the Vehicle or a lesser amount. Toyota did not have an "allowed claim" in this case which would make Section 521(a)(6) applicable.

## IV. Conclusion

For all the foregoing reasons, Appellant, Toyota Motor Credit Corporation, respectfully submits that the Order of the Bankruptcy Court be reversed.

Respectfully yours,

KML LAW GROUP, P.C.

By: */s/ Thomas I. Puleo*
Thomas I. Puleo, Esquire
Attorney for Appellant,
Toyota Motor Credit Corporation
Tel:  215-825-6309
Email:  tpuleo@kmllawgroup.com

## Certificate of Compliance With Rule 8015(a)(7)(B)

This brief complies with the type-volume limitation of Rule 8015(a)(7)(B).

This brief contains 7,779 words, as calculated by Microsoft Word 2007, the word

processing system used to prepare this brief.


Date:  December 4, 2017            KML LAW GROUP, P.C.


                                   */s/ Thomas I. Puleo*
                                   Thomas I. Puleo, Esquire

## CERTIFICATE OF SERVICE

I, Thomas I. Puleo, Esquire, hereby that on this 4th day of December, 2017,

a true and correct copy of the foregoing Brief of Appellant, Toyota Motor Credit

Corporation, was served upon all parties of record by ECF and upon the parties

listed below by U.S. mail:

Charles Laputka, Esquire
Laputka Law Office
1344 W. Hamilton Street
Allentown, PA 18102
claputka@laputkalaw.com

*Counsel for Appellee/Debtor*

David Alan Eisenberg, Esquire
4167 Winchester Road
Allentown, PA 18104
trustee@eisenbergpc.com

*Chapter 7 Trustee*

United States Trustee
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107
USTPRegion03.PH.ECH2usdoj.gov

*U.S. Trustee*

*/s/ Thomas I. Puleo*
Thomas I. Puleo, Esquire